# HARRIS ET AL. vs. ENYART.

The defendants as securities for A, signed a blank note, which was to be filled up by A, and to be made payable to the Bank of Missouri at Fayette, for the sum of $400 00. A, instead of making the note payable to the Bank, according to the understanding at the time it was signed, filled it up by making plaintiff the payee, and delivered it to him for a valuable consideration, he having full knowledge of the facts at the time he received it. Held, that this knowledge of the plaintiff, of the understanding of the defendants at the time they signed the blank, cannot affect his right to recover upon the note.

## APPEAL FROM MARION CIRCUIT COURT.

### STATEMENT OF THE CASE.

In this cause, Enyart, plaintiff below, commenced his suit in the Marion circuit court on a note executed by John W. Burgiss, George Holly, John Harris, Jo. Emery & W. C. Smith, to said Enyart for $400, dated on the 6th day of February, 1847, and payable two months after date. The defendants all appeared in the circuit court, except Burgis, and plead the general issue. On the trial in the circuit court, the plaintiff obtained judgment for the amount of the note and interest. The defendants offered much testimony, showing that the defendants, with Burgis, had all signed their names to a piece of paper, blank, except the words "four hundred dollars," written, and on the left hand corner in figures "$400," and that Burgis was authorized to fill up said blank, and dispose of the same as he saw proper. Also appeared in evidence that Enyart purchased the note for a valuable consideration from Burgis.

The court, on motion of the plaintiff, instructed the jury as follows:

"If the jury believe from the evidence that the defendants signed the note in suit, in blank, they thereby authorized Burgis to fill up the note as he saw proper; and if they believe that Enyart gave a valuable consideration for said note, so filled up by Burgis, they will find for said Enyart the amount due on the note, unless they believe from the evidence that Enyart knew, at the time of taking the note, that the defendants signed it for a particular purpose, and that Enyart knew, or either of them objected to its being used for any other purpose."

The defendants, by their attorney, then tendered the following instructions, which were refused by the court.

"If the jury believe from the evidence, that the defendants signed a blank paper with Burgis, to be filled up for the sum of four hundred dollars, payable to the bank of the State of Missouri, at its branch at Fayette, and that the defendants were merely intended to be securities of the said Burgis, and that the note in dispute was filled up over said signatures, they will find for the defendants."

"If the jury find from the evidence, that the note in dispute was written over a blank piece of paper, which was signed by the defendants, merely for the accommodation of Burgis, and delivered to him, and not filled up at the time, the plaintiff must show that he was intended to be filled in as the payee in said note, before he can recover on said note."

"If the jury find from the evidence, in this cause, that the note in controversy was filled up over the signatures of the defendants and Burgis, which were signed to a blank piece of paper and for the accommodation of Burgis as his security, and while blank was intended to be filled up with a note payable to the bank of Missouri, at its branch at Fayette, and Enyart was apprised of these facts at the time the note was filled up to him, and that said note was so used and filled up to the bank as aforesaid, they will find for defendants."

A verdict was found for the plaintiff. The defendants then moved for a new trial and in arrest of judgment, which motions being overruled, they have appealed to this court.

## Clark for appellants.

1. It appears by the evidence in this case, preserved in the bill of exceptions, that the note sued on was signed in blank, with the understanding at the time, that Burgis, the principal and holder, was to fill it up and present it for discount at the Fayette or Palmyra bank, and there are many facts and circumstances, in evidence, tending to show that the plaintiff, at the time the note was filled up, payable to him, knew for what purposes the signatures were made, and that Burgiss, the holder of the blank thus subscribed, was acting in fraud of the rights of the defendants in making the note payable to him. The position of the appellants then is, that if they signed the note in blank to accommodate Burgis, with the understanding at the time that it was to be made payable to the bank, and negotiated there; and that if the plaintiff knew these facts and permitted Burgis, in fraud of the rights of the defendants, to fill up the note to him as the payee, it was such a fraud upon the defendants as ought to prevent the plaintiff from recovering. The defendants never made the contract sued upon. They never made the promise alleged. It is true their signatures are genuine, but they never consented to the use made of them. They authorized their signatures to be used for the purpose of making the bank their creditor, and they were used to make the plaintiff their creditor, against their will and understanding at the time their signatures were obtained; and if the plaintiff knew (and we presume he did) of the fraudulent use made of their names at the time he received the note, he was not an innocent and bona fide payee, but to the contrary, a fraudulent one, and being such, cannot and ought not to recover the consideration of an innocent and bona fide holder of paper, signed and endorsed in blank. Monroe vs. Cooper, 5 Pick. 412; Oyer vs. Hutchinson, 4 Mass. 370; Sargent vs. Southgate, 5 Pick. 312; Denniston vs. Bacon, 15 John. 198.

2. The court erred in the instructions given to the jury for the plaintiff. That instruction laid down the law to be, that the plaintiff had a right to recover, unless he knew at the time he received the note it was signed for a particular purpose, and also that the defendants objected to its being used for any other purpose. It is insisted, that if the plaintiff knew, or had reason to believe, that the note was signed for a particular purpose, and took it contrary to what he knew or belived was the intention and understanding of the parties, he took it subject to whatever defence the makers might have on account of its misapplication. The last instruction asked by the defendants, contained the true ground to place the case upon before the jury, and ought to have been given. Hall vs. Hale, 8 Conn. Rep. 336.

## Wilson for appellee.

The only points for decision in this case are, whether the court erred in giving the plaintiff's instruction and in refusing the defendants instructions.

I contend that the plaintiff's instruction was properly given by the court, if as the evidence discloses, the defendants with Burgis, signed a blank, and entrusted Burgis to fill up the blank, they thereby authorised him to dispose of the same, to any person who would purchase it, and notwithstanding they may have expected he would dispose of the same at the Bank, yet he had the right to dispose of it otherwise. This did not change or affect the liability of the securities. They, in any event, were bound only for the amount of the note, and having authorized Burgis to put it in circulation, they have no right to complain.

2. Enyart purchased the note for a valuable consideration, as appears by the evidence, and without notice from any of the securities of any special arrangement between the parties. To sustain the above points, I cite the following authorities. Wardell and others vs. Hughes and Moore, 3rd. Wend. 418; Bank of Chenango vs. Hyde, Johnson and Whitney, 4th Cowen. 573; Powell vs. Waters, 17th. John. 176.

The court below, did not err in refusing to give the defendants instructions. The object of the defendants in signing the blank, as securities for Burgis, was to enable him to raise money, and it was certainly immaterial to them, whether it was discounted at the Bank at Fayette, or

elsewhere; it did not alter or increase the responsibility of the securities, the money raised being intended for the use of Burgis. But apart from all this, the evidence in the cause shows that Enyart had no knowledge of any arrangment between Burgis and his securities, and only looked to the responsibility of the names signed to the note.

RYLAND, Judge, delivered the opinion of the court:

This case, from the above statement, presents the action of the court below, in giving, and refusing instructions, before us, for our decision.

The only matters involved, demanding our attention arise from the instructions. It seems that the plaintiff below, for a valuable consideration, became in possession of the note sued on: that the defendants signed their names to a blank piece of paper, or to a piece of paper with four hundred dollars written on the left hand corner, in figures, $400.

The defendants signed this paper as securities to Burgis, with the calculation on their part, that Burgis would have it discounted at the Bank at Fayette. No doubt that such was the expectation of the defendants. They delivered it to Burgis, and he failed to have it discounted at the Bank, but purchased a negro woman with it, from Enyart.

The court gave the instruction as set forth in the above statment of the case, for the plaintiff, and refused the three instructions above set forth as asked for by the defendant.

There was evidence offered to show that Enyart knew that the defendants signed the note merely as securities, in order to enable Burgis, for his own individual benefit, to discount it at the Bank; as well as facts and circumstances proved, which might leave this knowledge on the part of Enyart in doubt.

But, taking it for granted that Enyart knew, that the note was made, to be discounted at the Bank; and that the Bank had refused to discount it; and that he afterwards obtained the note from Burgis for a valuable consideration; what effect can such knowledge have, on the liability of the defendants to pay the note?

Can it be said, that it is a fraud on them to be made to pay the amount to one payee and not to another? The defendants in this transaction, have but to blame themselves. They placed reliance and confidence in Burgis. They delivered to him the use of their names without even requiring the name of a payee to be inserted on the face of the note, or at what interest or at what credit. If Burgis therefore, failed to carry out his promise to the defendants, they must blame him. By their confidence in him, they enabled him to obtain the money or property of another, and it is better for the public generally, that he, who by his mis-

placed trust, enables another to act deceitfully or corruptly, should suffer the losses consequent upon such act, than that others should suffer innocently.

The instruction therefore given by the court below for the plaintiff, seems to us correct, and according to our view of the law governing this transaction, was the proper one to be given.

In the case of T. & J. Powell vs. Waters, 17 John. Rep. 176, which was an action of assumpsit by plaintiff, as third endorsors against defendant as first endorser of a promissory note.

The defence in part, consisted of the fact, that the note was made to be discounted at the bank of Newburgh, and that the witness being entrusted with the note to take it to the bank, he had fraudulently put it in circulation. Chief Justice Spencer, in giving the opinion of the court, says, "The first note was made and endorsed to raise money on, and it was entirely immaterial whether it was discounted at the bank of Newburgh, or elsewhere. It did not alter or increase the responsibility of the endorser ; the money to be raised, was intended to be for the benefit of *Wood*, (the maker,) and he did receive the money for which the first note was discounted. If the plaintiffs, (*who had discounted the notes themselves*) knew, when they received the note, that it was intended to be discounted at the bank of Newburgh, and had been refused, it would not affect them or establish any fraud."

We consider this case before us, as bearing some affinity to the one just cited from Johnson's Reports.

We concur in the action of the court below in overruling the instructions asked by the defendants. These instructions do not contain the law, and they were properly overruled. The instruction given, left the fact of Enyart's knowledge, that the defendants had signed the note for a particular purpose, and that they or either of them objected to its being used for any other purpose, to the jury.

The jury having found for the plaintiff, we can see no sufficient reason requiring the court below to set aside their verdict and grant a new trial. Finding nothing to demand our interposition, as regards the instructions given and refused, the judgment will have to be affirmed.